**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DON GIBSON,                                         :

                                 Case No. 3:06-cv-140

        Plaintiff,

                                 District Judge Thomas M. Rose
                                 Chief Magistrate Judge Michael R. Merz

   -vs-

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY[1],

        Defendant.                            :

### REPORT AND RECOMMENDATIONS

       This case is before the Court on Plaintiff's Motion for Fees and Costs Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d) "EAJA"). (Doc. 13). The parties have fully briefed the issues, (*Id.*, Doc. 14), and the matter is ripe for Report and Recommendations.

       Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $3,758.75 and costs in the amount of $369.28 for a total award of $4,128.03.

       An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

       **§2412. Costs and fees**

---

[1] The Court notes that on February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. See, http://www.ssa.gov/pressoffice/pr/astrue-pr.htm. In accordance with Fed.R.Civ.P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in this action. However, in accordance with the practice of this Court, the caption remains the same.

>...
>(d)(1)(A)  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
>**(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses ... .
>
>...
>
>**(D)**...
>**(2)** For the purposes of this subsection–
>    **(A)** "fees and other expenses" includes ... reasonable attorney fees ....

28 U.S.C. §2412.

Thus, in addition to filing a timely application, there are three conditions that must be met in order to recover fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *Willis v. Sullivan,* 931 F.2d 390, 399 (6th Cir. 1991).

For purposes of the EAJA, the term "final judgment" refers to judgments entered by a court of law and does not encompass decisions rendered by an administrative agency. *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991). With respect to Social Security cases, when the time for seeking appellate review has run, a sentence four judgment fits squarely within the term "final judgment" as used in the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 298 (1993), *citing, Melkonyan,* 501 U.S. at 102.

Prevailing party status is obtained if the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit and obtaining a sentence four judgment reversing the Commissioner's denial of benefits certainly meets this description. *Schaefer,* 509 U.S. at 302 (citation omitted). In other words, a sentence four remand is a judgment for the plaintiff and a party who wins a sentence four remand order is a prevailing party. *Id.* (citation omitted).

In the context of the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Damron v. Commissioner of Social Security,* 104 F.3d 853, 855 (6th Cir. 1997), *citing, Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government's position may have been substantially justified even though it was subsequently rejected on judicial review. *See, United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991). In other words, the government's position need not have been correct on the merits in order to be substantially justified for purposes of the EAJA. *Jankovich*, 868 F.2d at 870.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992).

In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in December, 2006, was 201.6. See, www.bls.gov/cpi. The common ratio of change, then, is 1.29 (201.6 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $161.25 ($125.00 x 1.29).

The Commissioner's only argument in opposition to Plaintiff's Motion is that his position was substantially justified and therefore Plaintiff is not entitled to an award of fees and costs under the EAJA. (Doc. 14).

A brief review of the history of this matter is appropriate at this time.

On May 11, 2006, pursuant toe 42 U.S.C. § 4-6(g), Plaintiff filed his Complaint seeking judicial review of the Commissioner's decision denying his application for Social Security Disability benefits. (Doc. 1). After the parties briefed the matter, (Doc. 4, 6, 7), on December 11, 2006, I issued a Report and Recommendations recommending that the Commissioner's decision that Plaintiff is not disabled be reversed and that the matter be remanded for the payment of benefits consistent with the Act. (Doc. 8). The Commissioner filed Objections to my December, 2006, Report and Plaintiff responded to those Objections. (Doc. 9, 10). On December 27, 2006, District Judge Rose overruled the Commissioner's Objections and adopted my Report and

4

Recommendations. (Doc. 11).

In recommending reversal of the Commissioner's decision that Plaintiff was not disabled, I essentially determined that the Commissioner failed to properly apply the "treating physician" rule. Specifically, I noted that Dr. Stratton had been Plaintiff's long-term treating physician, that over time Dr. Stratton observed that Plaintiff had positive clinical findings including muscle spasms, muscle and joint swelling, joint pain, muscle weakness, loss of sensation, tenderness on palpation, limited ranges of motion, and muscle atrophy. (Doc. 8 at 12). I also noted that the objective medical test results of record lent support to Dr. Stratton's clinical findings and opinion as did several of the clinical findings examining physician Dr. Vitols reported. *Id.*

However, unlike cases where there is little, if any, evidence which supports the Commissioner's determination that a claimant is not disabled, there is evidence in the current record that arguably does support the Commissioner's determination. For example, in addition to positive clinical findings, Dr. Vitols also reported normal clinical findings including his observations that Plaintiff had the ability to tandem walk and walk on his heels and toes and that he had a normal sensory examination. In addition, examining physician Dr. Danopulos reported that Plaintiff moved about freely, had a normal gait, had soft muscles without pain on palpation, was able to squat and arise, that his lumbosacral ranges of motion were normal, that he had no atrophy, and that he had normal muscle strength, sensory exam, and reflexes. Finally, the MA essentially testified that Plaintiff's residual functional capacity was consistent with a limited range of light work, thereby lending support to the Commissioner's position that Plaintiff was not disabled.

Under these facts, this Court cannot say that the Commissioner's position in this matter was not substantially justified. Accordingly, the Plaintiff's Motion should be denied.

It is therefore recommended that Plaintiff's Motion for Fees and Costs Under Equal Access to Justice Act, 28 U.S.C. Section 22412(d), (Doc. 13), be denied.

April 27, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

J:\Social Security - Drafts\Gibson_EAJA.wpd

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).